Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
P: (208) 359-5532
F: (208) 485-8528
ryanballardlaw@gmail.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JERRIMIAH PHELPS, | Case No.: 1:16-cv-21 |
| Plaintiff, | |
| v. | **COMPLAINT - CLASS ACTION** |
| XPRESS COLLECTORS AGENCY, LLC an Idaho limited liability company, WILLIAM R. DALLING, CHARTERED, an Idaho corporation, WILLIAM R. DALLING, an individual conducting business in Idaho. | |
| Defendants. | |

COMES NOW the Plaintiff Jerrimiah Phelps, by and through his counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and brings this action individually and on behalf of all others similarly situated against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by consumers for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff requests this Court

**Complaint - Page 1 of 6**

exercise supplemental jurisdiction under 28 U.S.C. § 1367 for a pendent state claim for abuse of process.

## JURISDICTION AND VNEUE

2. This Court has jurisdiction under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PARTIES

4. Plaintiff Jerrimiah Phelps is a natural person residing in Ada County, Idaho, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Xpress Collectors Agency is an Idaho limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 903 E. Winding Creek, Suite 100, Eagle, ID 83616.

6. Xpress Collectors Agency is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant William R. Dalling, Chartered is an Idaho corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 903 E. Winding Creek, Suite 100, Eagle, ID 83616.

8. William R. Dalling, Chartered is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant William R. Dalling is an individual engaged in the business of collecting debts, using mails and telephone, in this state with his principal place of business located at 903 E. Winding Creek, Suite 100, Eagle, ID 83616.

10. William R. Dalling is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Xpress Collectors Agency engages the services of William R. Dalling, Chartered to file lawsuits on its behalf in Idaho.

12. Upon information and belief, Mr. Dalling directs the operations of, and makes decisions regarding the collections and litigation policies of, Xpress Collectors Agency and William R. Dalling, Chtd.

## GENERAL ALLEGATIONS

13. On or about December 20, 2015, Mr. Phelps was served with a summons and complaint for a case in state court, Xpress Collectors Agency v. Jeremiah Phelps, Ada County Case No. CV-OC-15-18906, alleging he owed money on an account which originated with HSBC Suzuki.

14. Along with the summons and complaint, Mr. Phelps was served with Requests for Admissions.

15. A copy of the first page of those Requests for Admissions is attached as Exhibit A, with the account number redacted for privacy purposes.

16. The Requests for Admissions "require Defendant to answer under oath, within fifteen (15) days from the date of service hereof, the following requests for admission pursuant to Rule 36(a) of the Idaho Rules of Civil Procedure."

## CLASS ALLEGATIONS

17. This action is brought as a class action. Plaintiff tentatively defines the class as all persons who, during the one year prior to the filing of this complaint, were served with Requests for Admissions which required a response in less than the 30 days provided by Idaho Rule of Civil Procedure 36. Plaintiff may subsequently refine the class definition in light of discovery.

18. The class is so numerous that joinder of all members is impractical. On information and belief, Defendants have made similar misrepresentations regarding the legal time to respond to Requests for Admissions to dozens of consumers in the past year.

19. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendants' conduct violates the FDCPA and is an abuse of process.

20. There are no individual questions, other than whether a class member received the offending Requests for Admission, which can be determined by ministerial inspection of Defendants' records.

21. Plaintiff will fairly and adequately protect the interests of the class. He is committed to vigorously litigating this matter. He is greatly annoyed at being the victim of Defendants' illegal practices and wishes to see that the wrong is remedied. To that end, he has retained counsel experienced in handling consumer protection claims. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this claim.

22. Plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

23. A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the consumers who received Requests for Admissions similar to Mr. Phelps' undoubtedly believe that they actually have only 15 days to respond to the Requests for Admission. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g., for securities fraud.

### COUNT I: FDCPA VIOLATIONS FOR IMPROPER NOTICE

24. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

25. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

26. Idaho Rule of Civil Procedure 36(a) states that a Request for Admission is deemed admitted unless a response is provided "within 30 days after service of the request, or within such shorter or longer

time as the court may allow."

27. Upon information and belief, when defendants fail to respond to the Requests for Admission, Xpress Collectors Agency, William R. Dalling, Chtd., and William R. Dalling use those deemed admissions as a basis to file for summary judgment.

28. Upon information and belief, Defendants do not seek nor obtain permission from the Court to impose a shortened time frame for the opposing party to respond to Requests for Admission.

29. In the Ninth Circuit, the standard to determine whether a communication is deceptive or misleading under § 1692e is whether the "least sophisticated consumer" could have been deceived or misled. *Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1100 (9th Cir.1996)

30. An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* "least sophisticated debtor" likely would be misled. *E.g., Gonzales v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1061 & n. 2 (9th Cir.2011); *Terran v. Kaplan,* 109 F.3d 1428, 1431 (9th Cir.1997).

31. The least sophisticated consumer would be misled by Requests for Admissions stating that Idaho Rule of Civil Procedure 36 only affords him 15 days to provide a response.

32. Plaintiff asks the court to award statutory damages under 15 U.S.C. § 1692k(a)(2)(B) and actual damages of the amount of judgments obtained based on the misleading Requests for Admissions, under 15 U.S.C. § 1692k(a)(1).

### COUNT II: ABUSE OF PROCESS

33. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

34. Defendants took a willful act in serving Requests for Admissions with the Complaint which bore an incorrect and misleading time for response.

35. The Requests for Admissions were improper in that the requests truncated the rights of

consumers to respond to the requests.

36. Defendants served the Requests for Admission along with the lawsuit with the expectation that they would simply obtain a default judgment and never have to prove the validity of their claims.

37. Such action constitutes an ulterior, improper purpose for filing suit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.   The maximum statutory damages available under 15 U.S.C. § 1692k(a)(2)(B),

B.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

C.   Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 6-1604,

D.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E.   For such other and further relief as may be just and proper.

DATED: January 14, 2016

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC